E5fzdowm                         Motion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

DOW JONES & COMPANY, INC.,

        Plaintiff,

    v.                                14 CV 131 (JMF)

REAL-TIME ANALYSIS & NEWS,
LTD.,

        Defendant.
------------------------------x

                              May 14, 2014
                              4:50 p.m.

Before:

                HON. JESSE M. FURMAN,

                          District Judge

                  APPEARANCES

ROBERT P. LOBUE
ADAM PINTO
    Attorneys for Plaintiff

1            THE DEPUTY CLERK:  All rise.

2            THE COURT:  You may be seated.

3            (Case called)

4            MR. LoBUE:  Robert LoBue for the plaintiff, Dow Jones

5    & Company, Inc.

6            MR. PINTO:  Adam Pinto for the plaintiff, Dow Jones.

7            THE COURT:  Good afternoon to both of you, and

8    welcome.

9            We are here in connection with your application for a

10   default judgment against Real-Time Analysis & News, doing

11   business as RANsquawk.

12           I have reviewed your papers, including the various

13   declarations that were submitted, as well as the memorandum of

14   law in support of entry of default judgment.  I must say this

15   might be the most overly litigated default judgment that I've

16   had in my time as a judge, but I haven't been around that long.

17           In any event, I did schedule this proceeding for 4:30

18   today.  It's now 4:53, to be precise, and I note that at least

19   no one is present at counsel table, other than the two of you.

20           Have you had any communications with counsel for

21   RANsquawk since the communications that are detailed in the

22   declarations?

23           MR. LoBUE:  We have not, your Honor.

24           THE COURT:  All right. And I take it -- I think most

25   recent one of those, if I remember correctly, was they advised

1   you that they were communicating with U.S. counsel, and,
2   essentially, would make a decision about whether to defend, but
3   never heard back and they never filed an answer.  Is that
4   correct?
5           MR. LoBUE:  That is correct, your Honor.
6           THE COURT:  All right.  So, let me say I have reviewed
7   your papers, and it does appear to me that you properly served
8   RANsquawk; that they have notice of this case and of today's
9   proceeding.
10          I recognize that I guess you haven't yet gotten the
11  Clerk's certificate that they served my most recent order, but
12  I did receive a letter from Mr. Pinto providing proof that that
13  order was served.  And, in any event, I think as a matter of
14  law after they've been served with the complaint and failed to
15  answer, it is not even necessary that they receive notice in
16  the same manner of the intent to proceed with this proceeding,
17  but out of an abundance of caution I do require that, and, in
18  any event, it seems that they did have notice.
19          All of which is a long way of saying that I certainly
20  think you have made a case for the entry of default judgment.
21  And I've reviewed your memorandum and I think that you make
22  valid arguments with respect to the claims that you bring here.
23          I guess the only question that I have is whether it is
24  necessary or prudent to have an inquest with respect to damages
25  on the theory that -- I mean, by your own admission in the

1    memorandum, the calculation of damages here is somewhat

2    imprecise and made more difficult by the absence of discovery

3    and detailed information regarding the number of subscribers

4    and the like.

5              Now I recognize that you make the argument that the

6    amount of damages you're seeking are essentially conservative,

7    a conservative estimate of what you think you're entitled to.

8    But be that as it may, I guess my inclination would be to the

9    have an inquest, and, to that end, to refer it to a magistrate

10   judge to hold an inquest on damages.

11             That raises the separate question of whether an

12   inquest -- I guess I'm disinclined to think that an inquest is

13   necessary with respect to your request for injunctive relief.

14             So, all of which is to say is I'm inclined to enter

15   default judgment as to liability and grant you the injunctive

16   relief that you are seeking on the grounds that that is

17   established, and your entitlement is established to it based on

18   the submissions and record that I have reviewed, and to leave

19   open the question of damages, both compensatory and punitive to

20   be addressed in an inquest by the assigned magistrate judge.

21   It may be that that magistrate judge will decide that what you

22   have submitted suffices, but I guess my inclination is to think

23   that's the prudent way to proceed.

24             Anything you wish to say?

25             MR. LoBUE:  Thank you, your Honor.

1               I should note for the record that the declarants in
2    support of our motion are present in the courtroom today.  But
3    I suspect that, given the hour, the Court may not want to hold
4    the inquest here and now, and I certainly respect that if
5    that's the Court's desire.
6               Other than that, I would simply request, and at the
7    risk of further over litigating this motion, we did prepare a
8    supplemental declaration.  I submitted a courtesy copy to
9    chambers earlier today, and I would request that the Court
10   receive and permit us to file the supplemental.  It's intended
11   principally to bring some of the facts up to the current day;
12   specifically, the fact that the defendant continues to bar our
13   access to its website for I believe the obvious purpose of
14   making it more difficult for us to assemble further evidence;
15   that it continues to reproduce the news generated by Dow Jones;
16   and that, indeed, subsequent to receiving papers in this case,
17   it modified the text on its website to conceal the fact that,
18   as it had previously admitted on that same website, it had
19   analysts and offices in New York and Chicago.  So I
20   respectfully seek leave to submit that supplemental declaration
21   and exhibits.
22              THE COURT:  I'm not certain that my leave is required,
23   but to the extent that it is, I grant you leave.
24              And I should say that I did review that declaration
25   before today's proceedings so I was aware of those things.

1                 To the extent, I should say, that any of those actions
2     touch on the question of personal jurisdiction, you know, I
3     think by virtue of not appearing in this district, the
4     defendant has admitted the facts that are set forth in the
5     complaint.  And those facts, including its various, you know,
6     conduct in New York and the statements that you referenced and
7     the like, I think are more than adequate to justify exercising
8     personal jurisdiction in this district.  So the fact that they
9     have modified their website or what have you since that date
10    does not effect that.  Obviously -- well, in any event, it
11    doesn't effect that.
12            MR. LoBUE:  Thank you, your Honor.  Nothing further.
13            THE COURT:  All right.  Do you wish to be heard with
14    respect to my proposal, which is, essentially, entering default
15    judgment as to liability and granting the injunctive relief
16    that you're seeking, but leaving open the question of damages
17    to inquest to be held before Judge Gornstein?
18            MR. LoBUE:  Your Honor, let me make a mild pitch for
19    entry of damages in the requested amount, if I may.
20            We have put forth, essentially, the evidence that I
21    think we would put forth before the magistrate; namely, the
22    stated amount of the monthly subscription fee to the Dow Jones
23    product, the testimony of Mr. Malatesta, who is in charge of
24    the business, that while Dow Jones would not be inclined to
25    grant a license to an outfit like RANsquawk, in the

1  hypothetical exercise which we are required to engage in, if
2  they were required to enter into a license, it would be for no
3  less than the per user fee.
4            We know that RANsquawk has been violating Dow Jones'
5  rights for at least seven months and that, in part, was the
6  purpose of the supplemental affidavit.  The rest I think is
7  arithmetic.  If the Court has a disagreement with the manner in
8  which we approach damages, I think that's a matter of law that
9  we can argue or brief, but I'm not sure there are further facts
10 that would be brought out in an inquest.
11           So while we're certainly more than happy to pursue
12 that route if that's the Court's preference, again I make my
13 mild pitch for ending this now, since what's really going to
14 happen after this obviously is continuing this cat and mouse
15 game with the defendant that does not honor its legal
16 obligations and I, frankly, like to get onto that if we could.
17           THE COURT:  All right.
18           I respect and appreciate your mild pitch.  I think I
19 will, nonetheless, not hit it, which is to say that I think I
20 will proceed in the manner that I described.
21           Number one, you know, without delving deeper or more
22 deeply into the record and the submissions that you've made,
23 I'm not sure that I can say at this juncture that you have
24 established with reasonable certainty, which is the standard,
25 the basis for the damages.  And in that regard, for example,

1  you leave open the amount of punitive damages for me to decide.
2  And I think, you know, that's a multi-factored analysis and may
3  warrant expansion of the record.  But it may be that upon
4  closer analysis, a magistrate judge or I would decide that that
5  is not necessary.  But, in any event, I think somebody should
6  take a closer look.
7           At the end of the day, I have discretion under Rule 55
8  to hold an inquest.  And so even if a closer examination of the
9  papers would in fact justify the damages you're seeking, I
10 think it's the better course here in any event.  So I will do
11 that.  And my practice is to refer that to the assigned
12 magistrate judge, so I will do that promptly, which is to say
13 that I will enter the proposed judgment that you have made, but
14 strike the reference to damages, and indicate that damages will
15 be determined at a later date pursuant to an inquest, and then
16 simultaneously enter an order of referral to Magistrate Judge
17 Gornstein for him to hold that inquest.
18          I don't want to prejudice his consideration of this,
19 which is to say that if you want to argue to him that the
20 record is sufficient for him to fix damages and that a hearing
21 is not actually required, I'm not telling him that he must hold
22 a hearing.  If he decides and agrees with you about that, then
23 he's certainly willing or able to report and recommend to me a
24 damages amount and we'll proceed from there.  But I do want him
25 to take a closer look at it.

1              Anything further?
2              MR. LoBUE:  Nothing further, your Honor.  Thank you.
3              THE COURT:  All right.  Thank you all for joining us,
4    and we are adjourned.
5              THE DEPUTY CLERK:  All rise.
6              (Adjourned)
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25