```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/07/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                         :
DOW JONES & COMPANY, INC.,               :
                                         :
                Plaintiff,           :     14-CV-131 (JMF) (GWG)
                                     :
                  -v-                 :     ORDER ADOPTING
                                   :     REPORT AND
REAL-TIME ANALYSIS AND NEWS, LTD., :     RECOMMENDATION
                                         :
                Defendant.         :
                                         :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       After entering a final judgment and permanent injunction against Defendant Real-Time Analysis and News, Ltd., d/b/a Ransquawk ("Defendant"), the Court referred this matter to Magistrate Judge Gabriel W. Gorenstein for an inquest as to damages. (Docket No. 19). In a Report and Recommendation filed on September 15, 2014 (Docket No. 26) ("Report and Recommendation"), Magistrate Judge Gorenstein recommended that Plaintiff Dow Jones ("Plaintiff") be awarded $5 million in compensatory damages against Defendant.

       In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party

makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. In addition, it expressly called Defendant's attention to Rule 72 of the Federal Rules of Civil Procedure and Title 28, United States Code, Section 636(b)(1). (Report & Recommendation 13). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Defendant has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds it to be well reasoned and grounded in fact and law. Magistrate Judge Gorenstein approved Plaintiff's request of $5 million in damages only after reviewing the methodology employed by Plaintiff in arriving at that figure and finding that its proposed damages accurately represented the value of a "reasonable royalty" — a fair licensing fee for Plaintiff's news content misappropriated by Defendant. (Report and Recommendation 12). Magistrate Judge Gorenstein determined that the typical measure of damages in cases involving misappropriation of trade secrets — a plaintiff's lost profit or a defendant's wrongful gain — would be difficult to assess in this case, and thus approved an alternate measure of damages employed by other district courts in this Circuit. (*Id.* at 11-13). The Court finds no clear error in

Magistrate Judge Gorenstein's recommendation; accordingly, the Report and Recommendation is adopted in its entirety.

The Clerk of Court is directed to enter judgment in the amount of $5 million in Plaintiff's favor and to close this case.

SO ORDERED.

Dated: October 7, 2014
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

3